IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE EARL CARTER, #09170-003                                                   PETITIONER

VS.                                                           CIVIL ACTION NO. 3:19-cv-334-CWR-FKB

WARDEN C. NASH                                                                   RESPONDENT

**REPORT AND RECOMMENDATION**

      Willie Earl Carter is a federal prisoner currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. A jury of the United States District Court for the Southern District of Alabama found him guilty of one count of conspiracy with intent to distribute controlled substances and two other counts[1] of drug-related offenses for his role in an illegal drug distribution conspiracy spanning several years. *United States v. Westry*, 524 F.3d 1198, 1203-1210 (11th Cir.), *cert. denied*, *Carter v. United States,* 555 U.S. 909 (2008). Petitioner is currently serving a life sentence pursuant to the "death results" enhanced penalty of 21 U.S.C. § 841(b)(1)(A) because someone died from the use of controlled substances distributed during the conspiracy and because he had a prior conviction for a felony drug offense.[2] *See Westry*, 524 F.3d at 1218. Having considered the filings, the undersigned recommends that the petition be dismissed.

---

[1] Petitioner's other drug-related offenses consisted of possession with intent to distribute morphine within 1,000 feet of a school (count fifteen) and possession with intent to distribute crack cocaine within 1,000 feet of a school (count twenty-four). *See* 21 U.S.C. §§ 860 and 841(a)(1); *see also United States v. Carter, et al.*, No. 1:05-cr-00206-WS-B (S.D. Ala. Mar. 20, 2006), [498-1] at 6 (special verdict form). The Court sentenced Carter to two concurrent 60-year sentences for these offenses. *See Carter*, No. 1:05-cr-00206-WS-B at [633] (judgment of conviction). Carter does not challenge these convictions and sentences in this petition.

[2] At trial, the parties stipulated that the cause of death of the victim, Jasen Johns, was a combination of methadone and cocaine. *Westry*, 524 F.3d at 1208. Testimony showed that Johns frequently purchased drugs, including morphine, oxycontin, and methadone, at a residence used by Carter and his co-conspirators for drug dealing. *Id.* On November 26, 2001, Johns injected methadone while at the residence. *Id.* His dead body was found later, after Carter had arrived at the residence with cocaine, and after Carter and Johns were observed going to the back of the residence. *Id.*

I.     PROCEDURAL HISTORY

Carter appealed his convictions and sentences to the Eleventh Circuit Court of Appeals, which affirmed. *See Westry*, 524 F.3d at 1223. As to Carter's conspiracy conviction, the court found "that sufficient evidence was presented to sustain the conspiracy convictions. . . ." *Id.* at 1214. The Eleventh Circuit also found no error as to the applicability of the death enhancement to Carter's conspiracy conviction. *Id.* at 1219. In reaching its conclusion, the Eleventh Circuit noted that the jury specifically found that methadone and cocaine, stipulated by the parties as the cause of death of the victim, Jasen Johns, were "objects of the conspiracy". *Id.* It further found that "[b]ecause Johns died from a drug overdose from drugs distributed by a member of the conspiracy (Carter) and the goal of the conspiracy was to distribute drugs, Johns' death was reasonably foreseeable and within the scope of the conspiracy." *Id.* at 1220. Accordingly, the court upheld the application of the death enhancement to Carter's conspiracy conviction. *Id.*[3]

Carter did not seek relief pursuant to 28 U.S.C. § 2255. However, on February 11, 2019, he filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018)("First Step Act") and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010)("Fair Sentencing Act"). *See United States v. Carter*, 792 F. App'x 660, 662 (11th Cir. 2019). In that motion, he argued that, pursuant to the First Step Act, he would have been sentenced under 21 U.S.C. § 841(b)(1)(B), providing for a lower mandatory minimum sentence than § 841(b)(1)(A), under which he was sentenced. *Id.* He also argued that he was entitled to relief under *Burrage v. United States,* 571 U.S. 204, 218-219 (2014), because the Supreme Court held that "the 'death

---

[3] The court also upheld the death enhancement to the sentences of two other members of the conspiracy, Calvin Westry and Willie Merer Hinton. *Id.* at 1220.

results' penalty enhancement provision under 21 U.S.C. § 841(b) did not apply unless the drug distributed by the defendant was a 'but-for' cause of death." *Id.* The district court denied relief, finding that even if he had been sentenced under § 841(b)(1)(B) rather than § 841(b)(1)(A), the statutory maximum that Carter faced under § 841(b)(1)(B) was still life "'because the jury found beyond a reasonable doubt that Johns' death resulted from the use of controlled substances that Carter conspired to possess with intent to distribute.'" *Id.* (quoting *Carter*, No. 1:05-cr-00206-WS-B (S.D. Ala. Feb. 26, 2019), [1129] at 1 (Order)).

On appeal, the Eleventh Circuit affirmed, stating "[s]pecifically, we reject Carter's claim that, under the First Step Act, he is effectively entitled to a *de novo* sentencing proceeding under current law – and particularly to the retroactive application of *Burrage* – simply because he was convicted of an offense covered by the Fair Sentencing Act." *Id.* at 663. The Court concluded that "because he had a previous felony drug conviction and a death resulted from the conspiracy – two findings we affirmed in Carter's direct appeal – his statutory minimum sentence would still have been life imprisonment." *Id.* at 664.

While that appeal was pending, Carter filed this action pursuant to 28 U.S.C. § 2241. The Court now turns to examine Carter's claims.

II.  DISCUSSION

In his petition, Carter argues that *Burrage v. United States*, 571 U.S. 204 (2014), "provided a new interpretation of statutory law invalidat[ing] [his]conviction and sentence based on the 'death results['] enhanced penalty." [1] at 6. He further argues that "[t]he jury did not consider nor did the proof at trial establish that the controlled substance [he] distributed was the actual cause of death" of the victim. *Id.* at 7. Carter reasons that Fifth Circuit case law supports his § 2241 petition. *See Santillana v. Upton*, 846 F.3d 779 (5th Cir. 2017)(applying *Burrage*

3

retroactively to a § 2241 case); *United States v. Carbajal*, 290 F.3d 277, 284 (5th Cir. 2002)(holding "that [U.S.S.G.] § 2D1.1(a)(2) is a strict liability provision and does not require proof of proximate causation or reasonable foreseeability.").

Generally, the proper vehicle for challenging a conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Carter argues that he may nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Carter maintains that *Burrage*'s interpretation of the "death results" enhancement of 21 U.S.C. § 841(b)(1) enables him to meet *Reyes-Requena*'s savings clause criteria. In *Burrage*, the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 571 U.S. at 218-219. The Supreme Court also

4

concluded that "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 210 (citing *Alleyne v. United States*, 570 U.S. 99, 114-116 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). "*Burrage* thus made it more difficult for the Government to prove that drugs provided by a defendant caused a user's death." *Salas v. Vazquez*, 773 F. App'x 204, 204 (5th Cir. July 10, 2019).

Respondent concedes that *Burrage* is a retroactively applicable Supreme Court decision. *See Santillana*, 846 F.3d at 784 (finding that "as a substantive decision narrowing the scope [of] a federal criminal statute, *Burrage* applies retroactively to cases on collateral review."). Even so, Carter fails to satisfy *Reyes-Requena* because *Burrage* and *Santillana* do not establish that Carter is actually innocent, as the facts of those cases are readily distinguishable from Carter's.

In *Burrage*, a single defendant was tried and convicted of distributing a drug resulting in death or serious bodily injury, pursuant to 21 U.S.C. § 841(b)(1)(C). *Burrage*, 571 U.S. at 206. Burrage sold heroin to a long-time drug user, who subsequently injected that heroin in the midst of a two-day drug binge. *Id.* The Supreme Court noted that "multiple drugs were present in [the victim's] system at the time of his death, including heroin metabolites, codeine, alprazolam, clonazepam metabolites, and oxycodone." *Id.* at 207. At trial, the state medical examiner testified that she "could not say whether [the victim] would have lived had he not taken the heroin, but observed that [the victim's] death would have been '[v]ery less likely.'" *Id.*

Likewise, in *Santillana*, a § 2241 petition, the victim's urine screen revealed at least four different drugs, including methadone sold by Santillana. Citing *Burrage*, the Fifth Circuit concluded that Santillana satisfied her burden to show that she was potentially convicted of a

non-existent offense because it could not "say that the jury found that the methadone was a but-for cause of death." *Santillana*, 846 F.3d at 785.

Carter argues that "the cocaine base distributed by [him] was only a contributing factor to Johns' death," [2] at 8, and thus, *Burrage* and *Santillana* dictate that he is innocent. Indeed, a medical examiner's report introduced at trial showed that the victim, Jasen Johns, died "from an overdose caused by injecting methadone, with cocaine as a contributing factor." *Westry*, 524 F.3d at 1219. However, unlike the victims in *Burrage* and *Santillana*, the drugs causing the death of Johns came solely from Carter and the other members of the conspiracy and, therefore, satisfy the but-for causation test. *Id.* at 1208. The jury in Carter's case specifically found him guilty of being a member of the conspiracy to distribute drugs, including methadone and cocaine. *Id.* at 1219. ("Two of the drugs distributed during the course of the conspiracy included methadone and cocaine, and the jury specifically found these drugs were objects of the conspiracy."). The jury also found "that the death of Jasen Johns did result from the use of controlled substances that defendants conspired to possess with intent to distribute." *Carter*, No. 1:05-cr-00206-WS-B (S.D. Ala. Mar. 20, 2006), [498-1] at 4 (special verdict form). And at trial, the parties stipulated that the cause of death of Johns was a combination of methadone and cocaine. *Westry*, 524 F.3d at 1208. Accordingly, because *Burrage* and *Santillana* do not establish that Carter is actually innocent of the charges against him, Carter cannot meet the requirements of the savings clause.

### III. CONCLUSION

Because Carter cannot challenge his sentence enhancement pursuant to § 2241, this Court is without jurisdiction, and the petition should be dismissed. Accordingly, the undersigned

6

recommends that Carter's petition be dismissed with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Carter's claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[4] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of July, 2022.

s/ F. Keith Ball                     .<br>
UNITED STATES MAGISTRATE JUDGE

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).